**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RAY SCOTT HEID,** *et al.*,

      **Plaintiffs,**

                                                  Civil Action 2:18-cv-311
**v.**                                           Judge Algenon L. Marbley
                                                  Magistrate Judge Elizabeth P. Deavers

**GARY MOHR,** *et al.*,

      **Defendants.**

## ORDER and REPORT & RECCOMMENDATION and NOTICE OF DEFICIENCY

On April 11, 2018, Plaintiffs filed their Motions for Leave to Proceed *in forma pauperis*. In this matter (ECF Nos. 3 & 4.) Plaintiff Ray Scott Heid's request to proceed *in forma pauperis* is **GRANTED**. (ECF No. 4.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). For the reasons that follow, it is **RECOMMENDED** that Plaintiff James E. Damron's Application be **DENIED**. (ECF No. 3.)

**I.**

**A.**     **Standard for *In Forma Pauperis***

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id.* at 339. The Court explained that "[t]he public would not be profited if

relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

Here, the information set forth in Plaintiff Damron's *in forma pauperis* application does not demonstrate his inability to pay. Although Plaintiff indicates in his affidavit that his current inmate trust account balance is $118.08, Plaintiff's application also indicates that his average monthly deposit is $245.54.[1] (ECF No. 3 at 5.) Even though Plaintiff has little or no monthly income, federal courts have consistently considered "other financial resources" in determining a litigant's ability to pay. *Ciavarella v. Comm'r of Soc. Sec.,* No. 5:13-CV-2031, 2013 WL 5354091 at *1 (N.D. Ohio Sept. 24, 2013). It does not appear, considering Plaintiff's regular access to funds, that the cost of filing the instant matter is beyond Plaintiff's means.

In sum, in view of Plaintiff Damron's regular access to funds, the Undersigned finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation. It is, therefore, **RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* be **DENIED** and that he be ordered to pay the required $400 filing fee within **TWENTY-ONE (21) DAYS** if he intends to proceed.

---

[1] Plaintiff's Certified Trust Report also indicates that his total deposits from the period of October 10, 2017 to April 10, 2018 exceed $1400, and that he has spent over $1200 at the commissary during this same period.

### B. Procedure on Objections

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate Judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district Court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (A"A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

## II.

Further, in filing their Motions, Plaintiffs failed to submit service copies of the Complaint for each Defendant, summonses, and U.S. Marshal service forms. The Clerk subsequently mailed to Plaintiffs blank summons and Marshal service forms.

Accordingly, **Plaintiffs are ORDERED to submit, within twenty-one (21) days of the date of this order, if they intend the Marshal to effect service, a completed summons, Marshal service form, and a copy of the Complaint for service upon each Defendant.** If Plaintiffs do not comply with this Order, the Court will dismiss Plaintiffs' claims for want of prosecution.

**IT IS SO ORDERED.**

Date: April 16, 2018 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE