**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **RAY SCOTT HEID, et al.,** : |  |
|  : |  |
| **Plaintiffs,** : |  |
|  : | **Case No. 2:18-CV-311** |
| v. : |  |
|  : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| **GARY MOHR, et al.,** : |  |
|  : | **Magistrate Judge Deavers** |
| **Defendants.** : |  |

**OPINION & ORDER**

This matter is before the Court on Magistrate Judge Deavers' Report and Recommendation (ECF No. 75) recommending that the Motion to Dismiss by Defendants Gary Mohr, Roger Wilson, Trevor Clark, Ryan Dolan, Matt Gillum, Scott Gobels, Eric Graves, D.J. Norris, and Jennifer Williams (ECF No. 41) be **GRANTED** in part and **DENIED** in part. Plaintiffs Ray Scott Heid and James Damron filed an objection to this report and recommendation. (ECF No. 83). For the reasons set forth below, this Court **ADOPTS** the Report and Recommendation in its entirety based on an independent analysis of the claims therein. Defendants' Motion to Dismiss (ECF No. 41) is **GRANTED** in part as to Defendants Mohr and Wilson and **DENIED** in part as to Trevor Clark, Ryan Dolan, Matt Gillum, Scott Gobels, Eric Graves, D.J. Norris, and Jennifer Williams.

**I.  BACKGROUND**

Plaintiffs are inmates at Ohio correctional facilities. Plaintiff Ray Scott Heid is incarcerated at Lebanon Correctional Institution and Plaintiff James Damron is incarcerated at Trumbull Correctional Institute. Previously, however, both were incarcerated at the Ross Correctional Institution ("RCI"), where they allege prison officials violated their rights under the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized

1

Persons Act ("RLUIPA"). (ECF No. 37). Heid and Damron are Christian Separatists who allege that Ohio prison officials in the RCI denied them access to religious literature in 2015 by removing their Christian Separatist literature from the prison and taking those books from their individual possession. *Id.* Plaintiffs have complained that they no longer have access to *Positive Christianity in the Third Reich*, *Was Adolf Hitler a Bible Christian?*, and *Christian Principles of National Socialism* in the prison library. (ECF No. 37 at 7). Plaintiff Damron alleges that officials confiscated *Positive Christianity in the Third Reich* and *Mein Kampf*, and Plaintiff Heid alleges the Ohio Department of Rehabilitation and Correction ("ODRC") confiscated *Mein Kampf* in December 2015. *Id.* at 9. Additionally, Plaintiffs allege that they cannot access Christian Separatist Church ("CSC") sermons on CDs. *Id.* at 6-7.

ODRC has prohibited this material on two grounds. First, ODRC regards the swastika as a symbol of a security threat group ("STG"). Second, ODRC policy 5120-9-19, PRINTED MATERIAL states the following:

> Printed material is excludable if it is deemed to be detrimental to, or pose a threat to the rehabilitation of inmates; the security of the institution; or the good order or discipline of the institution. Examples of such material include, but are not limited to printed material:
>
> > (1) Which facilitates, encourages, incites, promotes, or instructs, in criminal activity such as rioting or illegal drug use.
> >
> > (2) Which depicts, encourages, incites, or describes activities which may lead to the use of physical violence against others.

(ECF No. 38 at 5). In December 2015, ODRC officially banned *Positive Christianity in the Third Reich* and *Was Adolf Hitler a Bible Christian?*. (ECF No. 37 at 7). ODRC specifically justified banning *Positive Christianity in the Third Reich* based on the swastika on the cover.

Plaintiffs argue in their Second Amended Complaint that ODRC's policies are discriminatory because ODRC allows Hindus to use the swastika, allows other books containing

2

the swastika in the RCI library, and allows the swastika as used in JPay's KA Lite videos on Nazi Germany. (ECF No. 37 at 8). Additionally, the Magen-David star (also known as the Star of David or six-pointed star) is allowed within the prison system even though gangs use it as a symbol. Plaintiffs allege that "white gangs have their own gang symbols distinct from the swastika." (ECF No. 37 at 13).

Plaintiffs filed a Motion for Preliminary Injunction and Temporary Restraining Order, focusing solely on the alleged First Amendment and RLUIPA violations. (ECF No. 38). This Court denied Plaintiffs' motions for injunctive relief and motion for recusal and Plaintiffs appealed the Court's decision. (ECF No. 42, No. 57, No. 60). On March 31, 2020, the Sixth Circuit affirmed this Court's decision denying Plaintiffs' motions for injunctive relief and recusal. (ECF No. 127).

Prior to Plaintiffs' requests for injunctive relief, Defendants Gary Mohr, Roger Wilson, Trevor Clark, Ryan Dolan,[1] Matt Gillum, Scott Gobels, Eric Graves, D.J. Norris, and Jennifer Williams[2] filed a motion to dismiss arguing that they are entitled to dismissal of all claims. (ECF No. 41 at 7-13). Plaintiffs filed a response (ECF No. 56), but Defendants did not file a reply. On June 17, 2019, Magistrate Judge Deavers issued a report and recommendation granting in part and denying in part Defendants' Motion to Dismiss. (ECF No. 75). Plaintiffs object to this report and recommendation, taking issue with Judge Deavers' dismissal of claims against Defendants

---

[1] Counsel for Defendants did not name Defendant Dolan in the text of the Motion to Dismiss but did include his name on the docket entry. Plaintiffs pointed out this omission in their response in opposition (ECF No. 56 at 2-3), but Defendants did not file a reply. Defendants later filed an answer to the amended complaint in July 2019 clarifying that the Motion to Dismiss was intended to include Defendant Dolan as well. (ECF No. 79). Accordingly, this Court's order applies as to Defendant Dolan as well.
[2] Defendant Donna Skaggs had not yet been served and so was intentionally excluded from the motion to dismiss.

3

Mohr and Wilson, arguing that they had pled sufficient facts with respect to those two Defendants. (ECF No. 83).

## II. STANDARD OF REVIEW

When objections to a Magistrate Judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Because Defendant has filed objections to the Report and Recommendation, the Court reviews the recommended disposition de novo.

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). This Court may dismiss a cause of action under 12(b)(6) for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). The Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). This Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman,* 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In short, a complaint's factual allegations "must be enough to raise a right to

relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). While the standard for construing pro se complaints is a liberal one, the complaint still must state a claim such that "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. General Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989)). A pro se pleading must still "provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Id.* at 977.

### III. ANALYSIS

Defendants' motion to dismiss argues: (1) that Plaintiffs' claims are time barred; (2) that Plaintiffs' official capacity claims are barred by the Eleventh Amendment; (3) dismissal is appropriate as to Defendants Mohr, Wilson, and Clark since claims based on *respondeat superior* liability are not actionable under 28 U.S.C. § 1983; (4) Defendants are entitled to qualified immunity, and; (5) Plaintiffs have failed to specifically allege how their free exercise rights were burdened by prison officials. (ECF No. 41). Plaintiffs took issue with each of these arguments in their response. (ECF No. 83). Ultimately, Judge Deavers' report recommended granting Defendants' motion to dismiss as to Defendants Mohr and Wilson but denying the remainder of the motion for the remaining Defendants. (ECF No. 75). Only Plaintiffs filed an objection to Judge Deavers' motion, taking issue with the recommendation that claims against Defendants Mohr and Wilson be dismissed because *respondeat superior* liability is not available

in § 1983 actions. Due to Defendants' failure to object to Judge Deavers' recommendations, the Court will **ADOPT** Judge Deavers' recommendation on the following matters.

In the Report and Recommendation, Judge Deavers determined that Plaintiffs' claims were not time barred due to the principal of equitable tolling. (ECF No. 75 at 5-7). Although Plaintiffs brought this suit outside the limitations period on April 9, 2018,[3] they had attempted to lodge these claims by amending their complaint in a separate action[4] within the two-year statute of limitations. *Id*.

Judge Deavers also recommended denying Defendants' motion to dismiss on Eleventh Amendment grounds. While the Eleventh Amendment does bar official capacity claims for compensatory damages, Plaintiffs made clear that they brought their compensatory damages claims solely against Defendants in their individual capacities. And, since the Eleventh Amendment does not bar official capacity claims for injunctive or declaratory relief, Defendants' motion was properly denied as to those claims. *See Allen v. Ohio Dep't of Rehab. & Correction*, 128 F. Supp. 2d 483, 490–91 (S.D. Ohio 2001) (citing *Quern v. Jordan,* 440 U.S. 332, 337 (1979)).

Judge Deavers also denied Defendants' motion to dismiss on the basis of qualified immunity, noting that Defendants' argument did not relate to the facts of the instant case and had instead been copied and pasted from an earlier filed case relating to Plaintiffs' desire to practice

---

[3] Plaintiffs allege that the conduct at issue occurred between April 2015 and December 2015 and there is a two-year statute of limitations for § 1983 claims. See *Wilder v. Collins*, No. 2:12-cv-0064, 2012 WL 786855, at *2 (S.D. Ohio March 9, 2012) (citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)).

[4] Plaintiffs filed a Motion for Leave to File a Supplemental Complaint on March 8, 2017 in *The Christian Separatist Church Society of Ohio; the Wife of Christ, Prosopopoeia et al. v. The Ohio Department of Rehab. & Corr. et al.*, No. 2:15-cv-2757, ECF No. 40 (S.D. Ohio) including the same claims at issue in this case.

their religion separately from others. On that basis, Judge Deavers denied Defendants' motion since it made no argument relevant to the facts of this case.

Finally, Judge Deavers also recommended denying Defendants' motion to dismiss on the basis that Defendants have not prevented Plaintiffs from reading required religious texts. As indicated in Judge Deavers' report, the sole basis for Defendants' argument that Plaintiffs' rights were not burdened was that the texts they reference are not religious texts. Defendants made no attempt to make a legal argument and cited no authority for their proposition that Plaintiffs' referenced texts are not religious texts. As indicated in Judge Deavers' opinion, Defendants failed to support their position and it is impermissible for this Court to make Defendants' argument for them. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) (noting "it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion. Such a role would carry the court far beyond simply reviewing evidence in 'the light most favorable to the non-moving party,' or giving effect to inferences reasonably arising from the designated evidence").

Judge Deavers also recommended denying the motion to dismiss against Defendant Clark on the basis that Plaintiffs sufficiently pled facts indicating that Defendant Clark "implicitly authorized, approved, or knowingly acquiesced in confiscating literature and potentially other 'religious' materials from Plaintiffs." (ECF No. 75 at 13).

The Report and Recommendation specifically advised the parties that the failure to object results in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. (ECF No. 75 at 19-20). Defendants have failed to file

7

any objections, and the deadline for objections (July 1, 2019) has lapsed. Accordingly, this Court **ADOPTS** Judge Deavers' report and recommendation and **DENIES** Defendants' Motion to Dismiss on the above stated grounds as to Defendants Clark, Dolan, Gillum, Gobels, Graves, Norris, and Williams.

Plaintiffs did, however, object to Judge Deavers' recommendation that Defendants Mohr and Wilson be dismissed on the basis that Plaintiffs failed to plead facts showing the requisite level of personal involvement since *respondeat superior* liability is not available in § 1983 actions. (ECF No. 75 at 9-12). Plaintiffs argue that this determination is wrong as to Defendant Mohr since they alleged that Mohr had authority to approve or deny policy and a supervisor may be found to be personally involved if the supervisor was involved "in creating, applying, or interpreting a policy." (ECF No. 83 at 2). They also take issue with the dismissal of Defendant Wilson on the same grounds since Wilson's job required him to ensure that "Heid's constitutional rights were protected" and his failure to do so "encouraged his subordinates to continue to target the Plaintiff[s]." (ECF No. 83 at 3).

To state a claim for a cause of action under § 1983, Plaintiffs must show that Defendants, acting under color of law, deprived them of their rights. *See Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010). Allegations of *respondeat superior* supervisory liability cannot support a §1983 claim against state actors in their individual capacities, Plaintiff must instead allege that a supervisory official "encouraged the specific incident of misconduct or in some other way directly participated in it." *Id. at* 292 (citing *Cardinal v. Metrish,* 564 F.3d 794, 802–03 (6th Cir.2009)). This means that Plaintiffs must allege facts that indicate that Mohr and Wilson "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*.

8

Plaintiffs agree with Judge Deavers' characterization of their allegations as relating to the fact that Defendant Mohr oversaw the policy with which they take issue. (ECF No. 83 at 1). They disagree, however, with Judge Deavers' finding that they alleged no specific facts about how Defendant Mohr authorized, approved, or knowingly acquiesced in the unconstitutional conduct, arguing that in paragraph five of their complaint, they reference Defendant Mohr's statutory duty to create, apply and interpret policies. (ECF No. 83 at 1-2). Paragraph five of Plaintiffs' complaint states:

> [5] Defendant Gary C. Mohr is a citizen of the United States of America and is employed by the ODRC as the duly appointed Director, and at all times relevant to this Complaint acted under the color of state law and within, as well as outside the scope of his duties. Defendant Mohr's duties as the Director include the oversight of all operations of the ODRC, and as a member of the Department Executive Staff with authority to approve or deny policy and appoint members to decision making positions to enforce policies, is being sued in his official capacity for acting under the color of law as alleged herein. Defendant Mohr's duty as Director of ODRC are fully described by statute, generally under Section 5120 and specifically under 5120.01 of the Ohio Revised Code ("ORC"). Service can be made at OSC, 770 West Broad Street; Columbus, Ohio 43222-1419.

(ECF No. 37 at 2). Paragraph five, and the other parts of the complaint referencing Defendant Mohr, do not allege any actions that Mohr took to draft or create the policies that Plaintiffs argue are unconstitutional. At most, Plaintiffs' claims relate to Mohr's position as director and overseer of the ODRC and its policies, and Mohr's failure to proactively implement any policies to protect Plaintiffs' rights. (ECF No. 55 at 9-11). Failure to act claims are not permissible under § 1983 because a plaintiff is required to show personal participation by the defendant in the deprivation of plaintiff's rights. *See Anderson v. Mohr*, No. 2:15-CV-2798, 2015 WL 7012799, at *2 (S.D. Ohio Nov. 12, 2015) (dismissing respondent superior claims against defendant Mohr in separate action due to failure to allege personal involvement and noting that "a failure to prevent constitutional violations is insufficient to hold a supervisor liable under § 1983"); *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (determining that plaintiff failed

9

to state claim for relief against certain defendants because plaintiff did not allege specific acts of participation in the alleged misconduct and only alleged that defendants "failed to investigate the unprofessional conduct of the correctional officers.").

Plaintiffs object to the recommendation that claims be dismissed against Defendant Wilson for the same reasons. They argue that Defendant Wilson's duty to ensure that "all rules and procedures of the ODRC are being administered fairly and equally by subordinates" is specified in the portions of the Ohio code cited by them in the complaint at paragraph six. (ECF No. 83 at 3). Plaintiffs also reference their arguments in their response to the motion to dismiss, which in turn references the sections of the complaint they believe supports their claim that they alleged facts showing Wilson's acts of encouraging or condoning others to violate Plaintiffs' rights. (ECF No. 56 at 11). The sections of the complaint that Plaintiffs reference essentially allege that Defendant Wilson ignored administrative grievances filed by Plaintiffs notifying them of the alleged misconduct, and that Wilson's failure to act encouraged his subordinates to continue their conduct. (ECF No. 37 at ¶¶ 35, 41, 69-70, 86-87). A plaintiff, however, cannot state a claim for Section 1983 liability based on an official's failure to act on information in an administrative grievance. *See Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("noting "Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.") (citing *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999)). Accordingly, this Court **ADOPTS** Judge Deavers' recommendation that all claims against Defendants Mohr and Wilson be dismissed and **GRANTS** in part Defendants' motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, this Court **ADOPTS** Judge Deavers' report (ECF No. 75) recommending that Defendants' Motion to Dismiss be **GRANTED** in part and **DENIED** in part based on an independent analysis of Defendants' claims and Plaintiffs' responses. Defendants' Motion to Dismiss (ECF No. 41) is **DENIED** in part as to Defendants Trevor Clark, Ryan Dolan, Matt Gillum, Scott Gobels, Eric Graves, D.J. Norris, and Jennifer Williams. Defendants' Motion to Dismiss is **GRANTED** in part as to Defendants Mohr and Wilson.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　/s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  April 22, 2020**