UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAY SCOTT HEID,** *et al.*,

    **Plaintiff,**

                v.

**GARY MOHR,** *et al.*,

    **Defendants.**

Case No. 2:18-cv-311
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Court for consideration of several discovery-related motions, all filed by Plaintiffs: Plaintiffs' Motion for Court Ordered Discovery Plan (ECF No. 175) (the "Motion for Discovery Plan"); Motion by Leave of Court to Compel Defendants to Provide Adequate Responses to Discovery Request (ECF Nos. 184, 184-1, 184-2) (the "Motion to Compel"); Plaintiffs' Motion by Leave of Court to Extend Time (ECF No. 185) (the "Motion for Extension"); Plaintiffs' Motion for Rule 11 Sanctions (ECF No. 200) (the "Motion for Sanctions"); and Plaintiffs' Memorandum in Support of Motion for Continuance (ECF No. 207) (the "Motion for Continuance").

For the reasons that follow, the Motion for Discovery Plan (ECF No. 175) is **DENIED**; the Motion for Extension (ECF No. 185) and Motion for Continuance (ECF No. 207) are **GRANTED IN PART**; and the Motion for Sanctions (ECF No. 200) is **DENIED**. Further, the case schedule is hereby **STAYED** pending resolution of Plaintiffs' Motion to Compel.

I.

The Court will discuss each of the pending motions in turn.

A.     **Motion for Discovery Plan (ECF No. 175)**

On August 20, 2020, Plaintiffs filed Plaintiffs' Motion for Court Ordered Discovery Plan, seeking to set forth a procedure for conducting depositions. (ECF No. 140.) At the end of Plaintiffs' proposal, Plaintiffs requested that Defendants "propose a better way of handling the depositions" if Defendants objected to Plaintiffs' proposal. (*Id.*) Defendants did not respond to Plaintiffs' filing. Accordingly, on March 31, 2021, the Court denied Plaintiffs' proposal without prejudice and ordered Defendants to submit a proposed deposition protocol to Plaintiffs. (ECF No. 160.) The Court added that "[i]f Plaintiffs do not agree to Defendants' proposed deposition protocol, they shall meet and confer with Defendants[.]" (*Id.*)

On June 11, 2021, Plaintiffs filed the subject Motion for Discovery Plan, again proposing a (slightly modified) deposition protocol and requesting that "[i]f the Defendants . . . object to this Order, Plaintiffs request that defense counsel propose a better way of handling the depositions without being overly restrictive on Plaintiffs." (ECF No. 175.) In response, Defendants argued that "Plaintiffs' proposed deposition protocol is in contravention of almost every applicable Federal Rule of Civil Procedure known to mankind." (ECF No. 182 at PAGEID # 2589.) Defendants also submit that Plaintiffs' proposal "poses security concerns" and "makes no financial sense," and stress that it also fails to "explain in any way what information Plaintiffs are seeking, much less does it make any showing suggesting how the requested discovery would advance their claims." (*Id.* at PAGEID ## 2591-2592.) In their Reply brief, Plaintiffs insist that "everything [they] requested is authorized by law and done so at

Plaintiffs' expense," and argue that their requests are not unreasonable. (*See generally* ECF No. 193.)

Given the parties' opposite positions regarding the reasonableness of Plaintiffs' proposal, the Court must first discuss what Plaintiffs' deposition protocol actually suggests. First, Plaintiffs' proposal states that "[t]he depositions will be taken before the Defendants' lawyer or before a person agreed upon by the parties pursuant to [Federal Rule of Civil Procedure] 29, which may include a notary public." (ECF No. 175 at PAGEID # 2559, ¶ II.a.1.) Next, presumably because Plaintiffs are proceeding *pro se*, they propose that Defendants' counsel or the designated person contemplated by the proposal will have various responsibilities during a deposition, including: administering the oath or affirmation; assuming responsibility for the video recording; and securing a copy of the deposition in a certain video format. (*Id.* at PAGEID ## 2559-2560, ¶¶ II.a.2, II.a.3, II.a.5, II.a.7.) Plaintiffs also propose that Defendants' counsel will be responsible for making the appropriate copies of the depositions and supplying them to Plaintiffs (in the event that Plaintiffs' respective prisons do not permit for third parties to mail them to Plaintiffs[1]), and that if Defendants' counsel orders an independent transcript of the deposition then they will have to provide a copy to Plaintiffs (at no cost to Plaintiffs). (*Id.* at PAGEID # 2560, ¶¶ II.a.10, II.a.11.) Plaintiffs, on the other hand, would only assume two basic responsibilities: paying certain costs associated with the video recording, and providing a transcript and copy of the video recording to Defendants' counsel and to the Court. (*Id.* at PAGEID # 2560, ¶¶ II.a.5, II.a.7, II.a.8.)

---

[1] Plaintiffs also propose that the Ohio Department of Rehabilitation and Correction ("ODRC"), a non-party to this action, "shall be responsible for making arrangements for Plaintiffs to conduct the deposition(s) via telephone from a secure location at the respective institutions to which Plaintiffs are housed." (*Id.* at PAGEID # 2560, ¶ II.a.9.)

3

Plaintiffs evidently believe that simply by offering to cover various costs associated with a deposition, they are entitled to conduct depositions on such unilateral terms. The Court disagrees. Indeed, the Court is unaware of any provision in the Federal Rules of Civil Procedure permitting Plaintiffs to impose such demands on Defendants' counsel, let alone on non-party ODRC, for Plaintiffs' own depositions – even if Plaintiffs can pay the associated costs, and even if Plaintiffs' respective prisons can facilitate such depositions (a necessary, but burdensome, condition precedent to any deposition which Plaintiffs appear to have taken for granted). More than anything, however, the Court finds that Plaintiffs have failed to demonstrate why written discovery would be an insufficient avenue for obtaining the desired information, as there can be no debate that written discovery would be less burdensome, less costly, and more efficient. *See Moore v. Morgan*, No. 1:16-CV-655, 2018 WL 6841362, at *2 (S.D. Ohio Oct. 11, 2018), *report and recommendation adopted*, No. 1:16CV655, 2018 WL 6839784 (S.D. Ohio Dec. 31, 2018) ("Further, plaintiff has not indicated what specific information regarding his claims he expects to gain from oral depositions that he cannot obtain through written discovery. In addition, it is probable that plaintiff may obtain the information he seeks through these less burdensome and less costly discovery methods.") (internal citation omitted); *Lovett v. Barney*, No. 1:15-CV-24, 2016 WL 1441472, at *2 (S.D. Ohio Apr. 8, 2016) ("[I]t is probable that plaintiff may obtain the information he seeks through these less burdensome discovery mechanisms. Moreover, plaintiff has not indicated what information he expects to gain from oral depositions that he cannot obtain through written discovery."). This is particularly true considering the extensive testimony offered during the hearing on Plaintiffs' Motion for Preliminary Injunction in 2019, which has been transcribed and provided to Plaintiffs at no cost. (*See* ECF Nos. 69, 81 and 85.) Because

4

Plaintiffs have failed to make the requisite showing, the Court will not entertain their efforts to conduct any depositions, let alone on the terms proposed in the subject motion.

For these reasons, Plaintiffs' proposed deposition protocol is not well taken. Plaintiffs' Motion for Court Ordered Discovery Plan, ECF No. 175, is **DENIED**.

**B.     Motion to Compel (ECF Nos. 184, 184-1, 184-2)**

On June 28, 2021, Plaintiffs filed the subject Motion to Compel, asking the Court to "compel Defendants to file adequate responses to discovery requests." (ECF No. 184.) Plaintiffs, who are proceeding *pro se*, filed the Motion in three parts, as it totals 132 pages: Part 1 (pages 1 to 44) was filed as ECF No. 184; Part 2 (pages 45 to 88) was filed as ECF No. 184-1; and Part 3 (pages 89 to 132) was filed as ECF No. 184-2. In their Motion to Compel, Plaintiffs exhaustively argue that approximately 201 of Defendants' discovery responses are "evasive and/or incomplete." (*See* ECF Nos. 184, 184-1, 184-2 at PAGEID ## 2602, 2603-2618 (regarding Defendant Norris' responses to Plaintiffs' Interrogatories, Request Nos. 1-17), 2618-2619 (regarding Defendant Graves' response to Plaintiffs' Request for Admissions, Request No. 6), 2619-2625 (regarding Defendant Gobels' responses to Plaintiffs' Requests for Admissions, Request Nos. 12-15, 20-24), 2625-2634 (regarding Defendant Gillum's responses to Plaintiffs' Requests for Admissions, Request Nos. 7-30), 2634-2649 (regarding Defendant Norris' responses to Plaintiffs' Requests for Admissions, Request Nos. 7-34, 37), 2649-2657 (regarding Defendant Clark's responses to Plaintiffs' Requests for Admissions, Request Nos. 8-19, 24, 26, 33, 35-36), 2658-2677 (regarding Defendant Dolan's responses to Plaintiffs' Requests for Admissions, Request Nos. 8-23, 25-36), 2677-2695 (regarding Defendant Clark's responses to Plaintiffs' Interrogatories, Request Nos. 1-25), 2695-2725 (regarding Defendants' responses to Plaintiffs' Requests for Production of Documents, Request Nos. 1-45, 50-55).) Plaintiffs argue

that each request "involves facts specific to this case," that "[t]he information responsive to these requests are necessary to this case," and that Defendants alone can access the information and documents requested without undue burden or expense. (*Id.* at PAGEID ## 2726-2728.) In addition to "proper responses and [the production of] all [of] the requested [documents]," Plaintiffs ask the Court to award them "the costs of paper, typing ribbon(s), copies, and postage incurred in securing this motion" and that the Court "deem all Request for Admissions listed herein [as] admitted pursuant to [Federal Rule of Civil Procedure] 36(a)(3)." (*Id.* at PAGEID # 2728.)

In response to Plaintiffs' 132-page Motion to Compel, Defendants filed an eighteen (18) page opposition. (ECF No. 192.) To that end, despite the facts that (i) the Motion to Compel clearly indicates on the bottom of every page that there are a total of 132 pages, and (ii) the docket clearly indicates that Plaintiffs' Motion to Compel contains three parts, it appears to the Court that Defendants only responded to the first 44 pages of Plaintiffs' Motion to Compel. (*See* ECF No. 192 at PAGEID # 2927 ("By contrast, as [Plaintiffs] acknowledge **in their forty-four-page motion** seeking 'adequate' responses to their vague, overbroad, ambiguous, overly burdensome and irrelevant discovery requests . . . .") (emphasis added).) Indeed, a close examination of Defendants' response shows that Defendants only addressed the discovery responses discussed in Part 1 of Plaintiffs' Motion to Compel. (*See id.* at PAGEID ## 2928-2932 (discussing Defendant Norris' responses to Plaintiffs' Interrogatories), 2932-2941 (discussing Defendants Graves, Gobel, Gillum, and Norris' responses to Plaintiffs' Requests for Admissions).) Defendants, however, failed to acknowledge, let alone respond to, the last 88 pages of Plaintiffs' Motion to Compel.

Plaintiffs noticed Defendants' oversight. In their Reply brief, Plaintiffs suggest that Defendants "seem to be mistaken as to the motion to compel filed by Plaintiffs." (ECF No. 208 at PAGEID # 3051.) As to the two-thirds of the Motion to Compel that Defendants failed to address, Plaintiffs argue that "those requests for admissions should be deemed admitted; those requests for interrogatories should be sufficient to compel adequate responses; and those requests for production should be granted." (*Id.* at PAGEID # 3068.)

As a preliminary matter, the Court notes that Plaintiffs' Motion to Compel completely disregards Local Civil Rule 7.2(a)(3), which reads as follows:

> **The Court prefers that memoranda in support of or in opposition to any motion or application to the Court not exceed twenty pages. In all cases in which memoranda exceed twenty pages, counsel shall include a combined table of contents and a succinct, clear, and accurate summary**, not to exceed five pages, indicating the main sections of the memorandum and the principal arguments and citations to primary authority made in each section, as well as the pages on which each section and any sub-sections may be found. A Judge may impose page limitations in any action by standing order.

S.D. Ohio Civ. R. 7.2(a)(3) (emphasis added). The Court is mindful of the potential reasons why Plaintiffs exceeded the Court's twenty-page preference in this instance, but the more pressing concern is that Plaintiffs failed to "include a combined table of contents and a succinct, clear, and accurate summary" as the Rule requires. *Id.* Had Plaintiffs done so, there would have been no excuse for Defendants' oversight. As it is, however, the Court can understand – although only through a generous lens – how Defendants could have come to believe that the primary filing, ECF No. 184, constituted Plaintiffs' entire Motion to Compel.

With this in mind, the Court is not inclined to rule on the Motion to Compel until Defendants have had one final opportunity to respond to the entire motion. Accordingly, Defendants are **DIRECTED** to respond to the last 88 pages of the Motion to Compel, ECF Nos. 184-1 and 184-2, within **FOURTEEN (14) DAYS** of the date of this Order. Defendants are

**ADVISED** that **NO EXTENSIONS** to this deadline will be granted absent extraordinary circumstances.  Plaintiffs shall file a Reply brief regarding the last 88 pages of the Motion to Compel within **FOURTEEN (14) DAYS** of Defendants' response.  The parties are **ADVISED** that this additional briefing is intended **ONLY** to address the last 88 pages of the Motion to Compel.  Finally, the Court **CAUTIONS** Defendants that failure to timely respond may result in the Court granting Plaintiffs their desired relief as to the last 88 pages of the Motion to Compel.  (*See* ECF No. 208 at PAGEID # 3068.)

Finally, Plaintiffs represented to the Court in August of this year in their Motion by Leave of Court to Extend Time that they were "currently working on a third motion to compel as to Defendants' latest inadequate responses to discovery matters."  (ECF No. 201 at PAGEID 3022.)  If Plaintiffs intend to file another Motion to Compel, they must do so within **FOURTEEN (14) DAYS** of the date of this Opinion and Order.

**C.** **Motion for Extension (ECF No. 185) and Motion for Continuance (ECF No. 207)**

On June 30, 2021, Plaintiffs filed the subject Motion for Extension, seeking (i) an extension of time until September 1, 2021 to conduct discovery and (ii) an extension of time until October 1, 2021 to file summary judgment motions.  (ECF No. 185.)  Then, on August 26, 2021, Plaintiffs filed Plaintiffs' Motion by Leave of Court to Extend Time, seeking an extension of time until September 17, 2021 to file a cross motion for summary judgment.  (ECF No. 201.)  On August 31, 2021, the Court granted Plaintiffs' second request, ECF No. 201, giving Plaintiffs until September 17, 2021 to file their cross-motion for summary judgment.  (ECF No. 203.)  Then, on September 13, 2021, Plaintiffs filed the subject Motion for Continuance, seeking "a continuance of the proceedings in this case until a full and fair opportunity to resolve the

8

outstanding discovery disputes between all the parties involved that are currently pending before the Court." (ECF No. 207.)

Given the still-pending discovery dispute in this case, Plaintiffs' requests are well taken. While Plaintiff's initial request for an extension of time to file summary judgment motions arguably has been rendered moot by the Court's August 31, 2021 Order, ECF No. 203, the Court understands that its resolution of the pending Motion to Compel may impact both the discovery and dispositive motion deadlines.[2]

For these reasons, Plaintiffs' Motion for Extension, ECF No. 185, and Motion for Continuance, ECF No. 207, are **GRANTED IN PART**. The Court hereby **STAYS** the deadlines set forth in the operative case schedule, *see* ECF No. 160, pending resolution of the Motion to Compel, at which time the Court will set a new discovery deadline if necessary and will set a new deadline for dispositive motions. To be clear, because the discovery deadline passed on July 1, 2021 (*see* ECF No. 160) and has not been extended, the parties are **NOT** to engage in further discovery until the Court has resolved the Motion to Compel. Again, Plaintiffs are **DIRECTED** to file their third Motion to Compel if they so choose within **FOURTEEN (14) DAYS** of the date of this Opinion and Order.

D.     **Motion for Sanctions (ECF No. 200)**

On August 12, 2021, Plaintiffs filed the subject Motion for Sanctions, seeking the imposition of sanctions against Defendants' counsel with regard to Defendants' Response to Plaintiffs' Proposed Deposition Protocol (Doc. 175), ECF No. 182 ("Defendants' Response").

---

[2] The Court is in no way signaling how it may resolve the pending Motion to Compel and expresses no opinion as to its merits. Rather, the Court simply recognizes the possibility that additional discovery may be necessary, as well as the reality that a new dispositive motion deadline will need to be set.

9

(ECF No. 200.) Plaintiffs argue that Defendants' Response violated Federal Rule of Civil Procedure 11 "because the document contains factual contentions that lack evidentiary support and are out right mendacious statements made to this Court in an attempt to mislead the Court." (*Id.* at PAGEID # 3015.) Plaintiffs take specific aim at the comment in Defendants' Response which suggests that Plaintiffs are "charging Defendants' attorney with the responsibility of taking the depositions, administering the oath, making the video recording, securing a copy of the deposition to a proper CD format, making copies of the deposition CDs and supplying them to Plaintiffs; and [] provid[ing] a copy of any transcript thereof to the Plaintiffs free of charge." (*Id.* (citing ECF No. 182 at PAGEID # 2592).) Plaintiffs maintain that they only sought free discovery mechanisms, and argue that "[i]nstead of trying to work out a reasonable resolution, defense counsel has opted to propound falsehoods to this Court for the purpose of stonewalling discovery," which Plaintiffs state "prevent[s] [them] from obtaining evidence necessary in their case." (*Id.* at PAGEID # 3016.) Plaintiffs argue that the statement at issue was not made in good faith, and urge that it is sanctionable as a false representation to the Court. (*Id.* at PAGEID ## 3016-3017.)

In response, Defendants argue that Rule 11 is inapplicable to discovery-related issues, but even under the applicable Rule 37, the statement from Defendants' Response is not sanctionable because it accurately states what Plaintiffs had proposed. (ECF No. 204 at PAGEID ## 3034-3037 ("Indeed, the very language of the [Motion for Discovery Plan] makes it crystal clear that the bulk of the time, effort and expense involved with each of the depositions Plaintiffs propose to take is expected to be shouldered by the undersigned.").) Plaintiffs did not file a Reply brief.

Plaintiffs' Motion for Sanctions is not well taken. As Defendants correctly observe, Plaintiffs' Motion for Sanctions can be quickly denied on a procedural basis, as Rule 11

10

expressly does not apply to the discovery issue underlying Plaintiffs' request. *See* Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."). As Defendants note, the appropriate vehicle for sanctions would be under Federal Rule of Civil Procedure 37. Plaintiffs' argument, however, falls flat under that Rule as well. As was the case with Plaintiffs' previous Motion for Discovery Sanctions, ECF No. 153, Plaintiffs misconstrue Defendants' argument as "factual contentions," and they are again far off-base to suggest that Defendants' counsel "has opted to propound falsehoods to this Court for the purpose of stonewalling discovery." (*See* ECF No. 200 at PAGEID # 3016.) As discussed, the Court finds to the contrary and agrees with Defendants that Plaintiffs sought to "charg[e] Defendants' attorney with the responsibility of taking the depositions, administering the oath, making the video recording, securing a copy of the deposition to a proper CD format, making copies of the deposition CDs and supplying them to Plaintiffs; and [] provid[ing] a copy of any transcript thereof to the Plaintiffs free of charge." (ECF No. 182 at PAGEID # 2592.) Accordingly, the Court is neither inclined nor in a position to sanction Defendants for any "mendacious statements" or "falsehoods" as Plaintiffs submit. For these reasons, Plaintiffs' Motion for Sanctions (ECF No. 200) is **DENIED**.

## II.

For the foregoing reasons, Plaintiffs' Motion for Discovery Plan (ECF No. 175) is **DENIED**; Plaintiffs' Motion for Extension (ECF No. 185) and Motion for Continuance (ECF No. 207) are **GRANTED IN PART**; and Plaintiffs' Motion for Sanctions (ECF No. 200) is **DENIED**. The Court further **STAYS** the deadlines set forth in the operative case schedule, *see* ECF No. 160, pending resolution of the Motion to Compel, at which time the Court will set a new discovery deadline if necessary and will set a new deadline for dispositive motions. To be

clear, because the discovery deadline passed on July 1, 2021 (*see* ECF No. 160) and has not been extended, the parties are **NOT** to engage in further discovery until the Court has resolved the Motion to Compel.

Defendants are hereby **DIRECTED** to respond to the last 88 pages of the Motion to Compel, ECF Nos. 184-1 and 184-2, within **FOURTEEN (14) DAYS** of the date of this Order. Defendants are **ADVISED** that **NO EXTENSIONS** to this deadline will be granted absent extraordinary circumstances. Plaintiffs shall file a Reply brief regarding the last 88 pages of the Motion to Compel within **FOURTEEN (14) DAYS** of Defendants' response. The parties are **ADVISED** that this additional briefing is intended **ONLY** to address the last 88 pages of the Motion to Compel. Finally, if Plaintiffs intend to file another Motion to Compel, they must do so within **FOURTEEN (14) DAYS** of the date of this Opinion and Order.

      **IT IS SO ORDERED.**


**Date: October 18, 2021**　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**