IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RAY SCOTT HEID**, *et. al*, | : |
| | : Case No. 2:18-cv-311 |
| **Plaintiffs,** | : |
| | : Chief Judge Algenon L. Marbley |
| v. | : |
| | : Magistrate Judge Elizabeth P. Deavers |
| **GARY MOHR**, *et. al*, | : |
| | : |
| **Defendants.** | : |
| | : |

**OPINION & ORDER**

This matter is before this Court on Plaintiffs' Objection (ECF No. 243) to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 239) recommending Defendants' Motion for Summary Judgment (ECF No. 227) be granted and Plaintiffs' Motion for Summary Judgment (ECF No. 229) be denied. For the following reasons, Plaintiffs' Objections (ECF No. 243) are **OVERRULED**. The R&R (ECF No. 239) is **ADOPTED**. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 227) is **GRANTED,** and Plaintiffs' Motion for Summary Judgment (ECF No. 229) is **DENIED**.

## I.  BACKGROUND

Plaintiffs are inmates under the supervision of the Ohio Department of Rehabilitation and Corrections ("ODRC"). (ECF No. 239 at 1). Previously, they were housed at Ross Correctional Institute ("RCI"). (ECF No. 1 at 2). Plaintiffs allege that they are Christian Separatists and together bring various claims which they claim stem from their membership in that group. (ECF No. 239 at 1–2). First, they allege that their rights were violated under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and 42 U.S.C. §1983 when certain pieces of "religious

1

literature"[1] were removed from the RCI library. (*Id.* at 2). Second, Plaintiffs allege that they were deprived of due process in October of 2015 when a card sent to Plaintiff Heid that depicted a swastika was confiscated after a Rules Infraction Board ("RIB") hearing. (*Id.* at 3). Third, Plaintiffs allege violations to the First (*Id.* at 28–32) and Fourteenth Amendments (*Id.* at 32–35). Because the R&R recounts the factual history of this case and its underlying claims in detail, the factual background of this case need not be repeated here.

This action was initiated on April 9, 2018. (*Id.* at 2).[2] After Plaintiffs moved for a preliminary injunction, a two-day Preliminary Injunction hearing took place. (*Id.* at 3). On March 4, 2019, this Court denied Plaintiffs' Motion for Preliminary Injunction (ECF No. 57), a decision that was later affirmed by the United States Court of Appeals for the Sixth Circuit (ECF No. 127). On June 17, 2019, the Magistrate Judge issued an R&R (ECF No. 75) recommending that Defendants' Motion to Dismiss be granted in part and denied in part. (ECF No. 239 at 4). This Court then adopted that R&R in its entirety on April 22, 2020. (ECF No. 128).

On July 15, 2022, the parties both filed Motions for Summary Judgment. (ECF Nos. 227; 229). After a series of filings—including the Defendants' Response to Plaintiffs' Motion for Summary Judgment (ECF No. 231) and Plaintiffs' Objections to Defendants' Motion (ECF No. 234)—the Magistrate Judge directed Plaintiffs to file a report on the status of a reply brief, because it was not filed timely. (ECF No. 236). On September 28, 2022, Plaintiffs filed a Status Report, advising the Magistrate Judge that they would "rest on" the arguments in their previous filings. (ECF No. 239 at 4).

---

[1] These items included three books (*Positive Christianity in the Third Reich*, *Was Adolf Hitler a Bible Christian?*, and *Christian Principles of National Socialism*), Christian-Separatist CDs, and another piece of literature, also titled *Christian Principles of National Socialism*. (ECF No. 239 at 2).
[2] As the Magistrate Judge observed, "[t]his is far from the first time Plaintiffs have challenged the ODRC's response to their [Christian Separatist] beliefs[.]" (ECF No. 239 at 2, n. 2). Footnote 2 in the R&R lists these other actions. (*Id.*)

2

On February 7, 2023, the Magistrate Judge issued an R&R recommending that the Defendants' Motion for Summary Judgment be granted, and the Plaintiffs' Motion for Summary Judgment be denied. (ECF No. 239). In the R&R, the Magistrate Judge dealt with each of Plaintiffs' claims separately. First, the Magistrate Judge found that the Plaintiffs' claims about ODRC's removal of allegedly religious literature and media was a moot issue pursuant to the Sixth Circuit's previous decision affirming this Court's denial of injunctive relief. (ECF No. 239 at 6–7). Second, the Magistrate Judge determined that Plaintiffs' RLUIPA claims failed because there was no evidence that the materials removed from the prison library were "related to Plaintiffs' religious beliefs" (*Id.* at 9) and that even if there were such evidence, ODRC had a "substantial government interest" in removing those materials, for which the Plaintiffs did not present a less restrictive alternative (*Id.* at 15–18). Third, the Magistrate Judge concluded that both Plaintiffs' §1983 claims for confiscation and alleged due process violations were time-barred. (*Id.* at 18–32). Finally, the Magistrate Judge rejected Plaintiffs' equal protection claims. (*Id.* at 32–35).

Plaintiffs timely filed eleven objections to the R&R (ECF No. 239) and Defendants timely responded to these objections (ECF No. 246).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b), district judges must "determine de novo any part of the magistrate's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In its review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; 28 U.S.C. §636(b)(1). While the Court must consider all timely objections, the "filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to complete failure to object." *Slater v. Potter*, 28 Fed. App'x 512, 513 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.

3

1995)). The objections must also "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380 (citing *Howard v. Sec'y of Health & Hum. Servs*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. LAW AND ANALYSIS

Though Plaintiffs bring eleven objections, many raise similar arguments and so will be addressed together.

**A. Objection 1: Existence of Evidence After the Preliminary Injunction**

Plaintiffs first object to the Magistrate Judge's determination that the Plaintiffs' claim about removal of certain books and CDs from the RCI library was a moot issue. (ECF No. 243 at 2–3). In reviewing this Court's denial of injunctive relief, the Sixth Circuit ruled that this was a moot issue because Plaintiffs Heid and Damron were no longer held at RCI, and there was no evidence that they were denied access to these materials at their new facilities. (ECF No. 239 at 6 (citing ECF No. 127)). Relying on the Sixth Circuit's finding, the Magistrate Judge concluded that this issue was moot. (*Id.*)

To support their objection, Plaintiffs now point to statements in the record that were made after the preliminary injunction hearing. (ECF No. 243 at 3). Plaintiffs specifically highlight a "sworn admission" by one Defendant in which the Defendant states that "Christian-Separatism 'is a separatist view and so not permitted in ODRC.'" (ECF No. 243 at 3 (citing ECF No. 229 B.5 at #15 & 16)). In their objection, Plaintiffs contend that this statement suggests an inference that such materials are generally prohibited within all ODRC facilities. (ECF No. 243 at 3). Plaintiffs, however, failed to show that these materials are central to their religious practice. For example, the Magistrate Judge emphasized that even though "there is no dispute that the covers of the subject texts all display images of the swastika," Plaintiffs stated that "the swastika was not part of their

4

religious practice." (ECF No. 239 at 9). Even if Plaintiffs did show these were religious materials, prison officials receive great deference on issues involving prison security. *Hayes v. Tennessee*, 424 Fed. App'x 546, 554 (6th Cir. 2011) ("[P]rison security is a compelling state interest" and "deference is due to institutional officials' expertise in this area." (citing *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005)). This Court agrees with Defendants that practically, it would be challenging for prison officials "to distinguish between those inmates who were using the swastika as a gang symbol"—a security concern—and those "who were, instead, purportedly using it for religious purposes." (ECF No. 227 at 23 (internal citation omitted)). Plaintiffs' first objection is therefore **OVERRULED**.

### B. Objections 2, 3, 4, 5, and 6: Plaintiffs RPUILA Claims

Plaintiffs' second, third, and fourth objections (ECF No. 243 at 4–5) each respond to the Magistrate Judge's finding that there was no evidence in the record to support a conclusion that the items allegedly removed from the RCI library were religious in nature. In each of these objections, Plaintiffs provide no new evidence nor cite to legal authority for their arguments. For example, in their second objection, Plaintiffs assert that there is a "substantial burden" here under RLUIPA because Christian Separatism, like any religion, "requires the student to read and study" from specific texts[.]" (*Id.* at 4). The Plaintiffs, however, do not then provide any evidence that they are required to read these specific texts.

An objection "that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Further, "vague, general,

5

[and] conclusory objections" are not enough to "meet the requirement of specific objections." *Slater*, 28 Fed. App'x at 513. Accordingly, Plaintiffs second, third, and fourth objections, which state general disagreements with the Magistrate Judge's recommendations without explanation or further evidence, are **OVERRULED**.

In their fifth objection, Plaintiffs dispute the Magistrate Judge's assertion that "by Plaintiff Heid's own admissions, the swastika is not part of Plaintiffs' worship ritual . . . and instead serves as an 'ethnic symbol' for Plaintiffs." (ECF No. 243 at 6 (quoting ECF No. 239 at 10–11)). To support this finding, the Magistrate Judge referred to specific statements that Plaintiff Heid made during the preliminary injunction hearing.[3] Plaintiffs object to this characterization of Plaintiff Heid's statements, and instead assert that his "statement demonstrated [that] the symbol [is] central" to Christian Separatism as a "belief system." (ECF No. 243 at 6 (citing *Holt v. Hobbs*, 574 U.S. 352, 360 (2015)). Here, even though Plaintiff Heid responded "no" when asked whether the swastika is "an integral part of [his] religious doctrine," Plaintiffs now ask this Court to find that the swastika is part of Plaintiffs' belief system. This court declines to do so. As with the previous objections, Plaintiffs' statements about the swastika's connection to religion are conclusory as they provide no facts to demonstrate that the symbol is central to their beliefs. Plaintiffs' fifth objection is **OVERRULED**.

---

[3] Those statements included this exchange:

> THE COURT: So, when members of your faith gather together to worship . . . is it part of your worship ritual that you must have a swastika present?
> MR. HEID: No. No, it is not . . .
> THE COURT: Is the swastika an integral part of your religious doctrine?
> MR. HEID: No. Symbolism is an integral part . . . It is an ethnic symbol as well.

(ECF No. 239 at 10) (quoting ECF No. 58 at PAGEID 1132-34).

6

Plaintiffs claim in their sixth objection that Defendants only gave "general assertions" in affidavits to support the finding that removing the books was the "least restrictive means" of maintaining prison safety and security—the purported "compelling government interest." (ECF Nos. 243 at 7; 239 at 15–17). Plaintiffs assert that even if the affidavits are enough, the rationale embedded within them are "exaggerated." (ECF No. 243 at 7). These arguments fail. First, when ruling on the Motion for Preliminary Injunction, this Court found, and the Sixth Circuit affirmed, that a "compelling governmental interest did exist" in "maintaining prison safety and security[.]" (ECF No. 127 at 7). At that stage, Plaintiffs also argued that Defendants' statements were "exaggerated," but the Sixth Circuit was not persuaded. (*Id.* at 8). Second, courts give great deference to prison officials "on matters touching upon prison security," such as this one. *See Blanken v. Ohio Dep't of Rehab. & Corr.*, 944 F. Supp. 1359, 1368, n.14 (S.D. Ohio 1996) (internal citations omitted) ("although this case involves a prison employee rather than an inmate, the issue of prison security is clearly implicated and the Court must, in these circumstances, apply a deferential standard to the [ODRC] [p]olicy."); *see also Christian Separatist Church Soc'y of Ohio v. Ohio Dep't of Rehab. & Corr.*, No. 2:15-cv-2757, 2018 WL 1569744, at *4, 6 (S.D. Ohio Mar. 30, 2018) (internal citation omitted), *aff'd sub nom.*, No. 18-3404 (6th Cir. Feb. 13, 2019) (holding that, in another RLUPIA case in which Plaintiff Heid was a plaintiff, ODRC's prohibition of Christian Separatist congregate worship was supported "by a compelling interest in preventing racial violence and maintaining safety and security" and that the policy also achieved that interest in the "least restrictive means" possible).[4] Plaintiffs' sixth objection is therefore **OVERRULED**.

---

[4] Notably, *Christian Separatist Church Society v. Ohio Dep't of Rehab. & Corr.*, 2018 WL 1569744, is a case that was filed against ODRC by many of the same people who are Plaintiffs in this present action.

### C. Objections 7, 8 and 9: Timing Issues

In their seventh objection, Plaintiffs object to the Magistrate Judge's recommendation that the confiscation claims brought under § 1983 are time-barred. (ECF No. 243 at 7–8). The Magistrate Judge correctly determined that the applicable statutes of limitations "to claims arising under §1983 is the two-year statutes of limitations." (*Id.*) (citing *Wilder v. Collins*, No. 2:12-cv-0064, 2012 WL 786855, at *2 (S.D. Ohio Mar. 9, 2012), *report and recommendation adopted*, No. 2:12-cv-0064, 2012 WL 1606035, at *7 (S.D. Ohio May 8, 2012)). Because the events giving rise to this litigation occurred in 2015—over two years before Plaintiffs' initiation of the case on April 5, 2018 (ECF No. 239 at 24)—Plaintiffs' seventh objection is **OVERRULED**.

In Plaintiffs' eighth objection, Plaintiffs object to the Magistrate Judge's recommendation that equitable tolling should not apply. (ECF No. 243 at 8–9). Plaintiffs claim that equitable tolling is appropriate because of a supposed "legal misrepresentation" that Defendant Trevor Clark, the former Assistant Chief Counsel for ODRC, allegedly made to David LaParade, an inmate who is not a party in this action. (ECF No. 239 at 25–26). In the alternative, Plaintiffs argue that equitable tolling applies because Plaintiffs attempted to supplement these claims into a separate civil action, *see Christian Separatist Church Society*, No. 2:15-cv-2757, 2018 WL 1569744 (S.D. Ohio Mar. 30, 2018), in which David LaParade was a co-plaintiff. (ECF No. 243, at 6–7). In other words, Plaintiffs claim that because substantially similar arguments were raised in a related 2015 civil suit, equitable tolling should apply here.

Equitable tolling, however, is not available. First, despite Plaintiffs' assertions to the contrary, the Magistrate Judge correctly determined that there is no evidence in the record to support a conclusion that Mr. Clark misled Plaintiffs. (ECF No. 239, at 25–26). The alleged misrepresentation occurred during an exchange between Defendant Clark and another inmate who

is not a party to this lawsuit.[5] (*Id.*). Second, even if such evidence existed, the "doctrine of equitable tolling" allows courts simply to "toll the statute of limitations when a 'litigant's failure to meet a legally-mandated deadline unavoidably ar[ises] from the circumstances beyond the litigant's control.'" *Boyd v. U.S.*, 932 F. Supp. 2d 830, 893 (S.D. Ohio Mar. 18, 2013) (quoting *Robertson v. Simpson*, 624 F.3d 781, 785–86 (6th Cir. 2010)). Plaintiffs' attempts to amend the previous civil action against ODRC, *Christian Separatist Church Society*, were all found to be deficient. (ECF No. 246 at 9–11). For instance, in that case, a complaint was stricken (ECF No. 8) and the Amended Complaint (ECF No. 17) was deemed to violate Rule 8(a)'s submission requirements (ECF Nos. 33 at 12; 42 at 7). Plaintiffs' delay in filing this action did not therefore "unavoidably ar[ise] from the circumstances beyond the litigant's control." *Boyd*, 932 F. Supp. at 893 (quoting *Robertson*, 624 F.3d at 785–86). In fact, the circumstances arose entirely from actions taken by the litigants themselves in a separate case—a case that concluded with summary judgment being granted in favor of ODRC. Plaintiffs' eighth objection is **OVERRULED**.

In Plaintiffs' ninth objection, they argue that equitable tolling should also apply to their due process claim. (ECF No. 243 at 9). Plaintiffs, however, advance no new arguments for this objection nor provide further evidence, instead citing to their previously filed Objections to Defendants' Motion to Dismiss (ECF No. 56). (ECF No. 243 at 9). Objections that only disagree with a magistrate's finding, or "summarize what has been presented before," are not proper objections. *Brown*, 2017 WL 4712064, at *2 (citing *Howard*, 932 F.2d at 509). Plaintiffs' ninth objection is therefore **OVERRULED**.

---

[5] Mr. LaParade was a Co-Plaintiff in *Christian Separatist Church* Society, 2018 WL 1569744. (ECF No. 239 at 26). The Magistrate Judge took care to explain this past lawsuit, ultimately concluding that because, among other facts, Mr. LaParade stated that he did not attempt to join this lawsuit "in any way, shape, or form," any interaction between Defendant Clark and Mr. LaParade did not mislead Plaintiffs in this present action. (*Id.*) (citing ECF No. 58).

**D. Objections 10 and 11: Mere Disagreement with the Magistrate's Recommendation**

In their tenth objection, Plaintiffs object to the Magistrate Judge's recommendation that Plaintiffs' First Amendment claims should be dismissed and that Plaintiffs failed to demonstrate that their actions were religious in nature. (ECF No. 243 at 10). Plaintiffs assert that "[the] Magistrate failed to consider the arguments presented by Plaintiffs." (*Id.*). They claim that they have "clearly demonstrated," certain facts and that the Magistrate Judge did not "explain why [Plaintiffs'] free speech claim fails." (*Id.*).

Both arguments are flawed. First, as described above, merely disagreeing with a magistrate's finding is not enough. *Brown*, 2017 WL 4712064, at *2 (citing *Howard*, 932 F.2d at 509). Second, the R&R spends five pages explaining in detail why the free speech assertion fails. (ECF No. 239 at 28–32). Namely, the Magistrate Judge rationalized that because Plaintiffs did not show how the texts "implicate[d] their sincerely-held" Christian Separatist beliefs, then the Defendants' actions could not have "substantially burdened" Plaintiffs' religious beliefs. (*Id.* at 30). The Magistrate Judge then reasoned that even if their beliefs were "substantially burdened," Defendants had a "legitimate penological reason" for doing so, as the texts posed a threat to institutional security. This Court agrees. Plaintiffs' tenth objection is therefore **OVERRULED**.

In Plaintiffs' final objection, they assert that the Magistrate Judge improperly determined that the Plaintiffs did not meet the requirements of their Fourteenth Amendment claims. (ECF No. 243 at 10). To support this objection, Plaintiffs cite to the portion of Plaintiffs' previously filed Motion for Summary Judgment in which Plaintiffs argue they were denied equal treatment under the Fourteenth Amendment. (ECF No. 243 at 11 (citing ECF No. 229 at 39–47)). Outside of citing those pages, Plaintiffs do not provide further explanation. (*Id.*). Without more, Plaintiffs' objection fails as well, as disagreement with a Magistrate Judge's findings, alone, is insufficient. *See Brown*,

2017 WL 4712064, at *2 (citing *Howard*, 932 F.2d at 509). Plaintiffs' eleventh objection is therefore **OVERRULED.**

## IV. CONCLUSION

For the foregoing reasons, the Report and Recommendation (ECF No. 239) is **ADOPTED**, and Plaintiffs' Objections (ECF No. 243) are **OVERRULED**. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 227) is **GRANTED,** and Plaintiffs' Motion for Summary Judgment (ECF No. 229) is **DENIED**. This case is DISMISSED.

    **IT IS SO ORDERED.**

                              **ALGENON L. MARBLEY**
                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 28, 2023**